56 F.3d 64
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Joyce BARNES, Plaintiff-Appellant,
v.
AAA STANDARD SERVICE, INC., Defendant-Appellee.
 No. 94-4301.
 United States Court of Appeals, Sixth Circuit.
 May 19, 1995.
 
 1
 Before: MILBURN and SILER, Circuit Judges; and COOK, District Judge.*
 
 ORDER
 
 2
 Joyce Barnes appeals a district court grant of summary judgment for defendant in this employment discrimination action filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e, et seq. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 Barnes filed her complaint in the district court alleging that she was fired from her job because of her race (African-American). Defendant moved for summary judgment, and plaintiff responded in opposition. The district court granted summary judgment for defendant. On appeal, plaintiff contends that: (1) a genuine issue of material fact remains for trial with respect to whether she was fired for discriminatory reasons; and (2) the district court judge was biased because he once served as an attorney for defendant.
 
 
 4
 Upon consideration, the judgment of the district court is affirmed for the reasons stated by the district court in its memorandum opinion filed November 17, 1994. Essentially, plaintiff met her initial burden of proving a prima facie case of employment discrimination under Title VII. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Defendant then articulated legitimate, non-discriminatory reasons for the its actions, and plaintiff failed to show a genuine issue of material fact remaining for trial with respect to whether the articulated reasons were a pretext for a discriminatory motive. See Burdine, 450 U.S. at 253. Accordingly, summary judgment for defendant was proper.
 
 
 5
 Finally, plaintiff's contention on appeal that the district court was biased is unsubstantiated. Under 28 U.S.C. Sec. 455, a federal judge is required to recuse himself or herself for a personal bias even absent a complaint from a party. Easley v. University of Michigan Bd. of Regents, 853 F.2d 1351, 1355-56 (6th Cir. 1988). Recusal is required where "a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." United States v. Sammons, 918 F.2d 592, 599 (6th Cir. 1990) (quoting Hughes v. United States, 899 F.2d 1495, 1501 (6th Cir.), cert. denied, 498 U.S. 980 (1990)). On appeal, plaintiff provides no factual basis for her claim other than her bare contention that Judge Katz "served as an attorney in favor of plaintiff's opposing party, defendant AAA Standard Service, Inc., previously." Without more, plaintiff simply has not provided a reasonable basis for questioning Judge Katz's impartiality. Therefore, this claim is without merit.
 
 
 6
 For the foregoing reasons, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Julian A. Cook, Jr., Chief United States District Judge for the Eastern District of Michigan, sitting by designation